UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                         Case No. 8:00-CR-314-T-27EAJ

**ALFONSO R. HOWARD, SR.**

_____/

**ORDER**

**BEFORE THE COURT** is Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Dkt. 112). A response is unnecessary. Upon consideration, the motion is **DENIED**. Retroactive application of the Fair Sentencing Act does not reduce the statutory penalties for Count One, conspiracy to distribute cocaine base.

Defendant pleaded guilty to conspiracy to distribute cocaine base (Count One), and carrying a firearm during and in relation to a drug trafficking offense (Count Three) (Dkt. 41). He was sentenced as a "career offender" to 262 months on Count One and 60 months on Count Three, consecutive, with concurrent 5 year terms of supervised release to follow (Dkt. 53).[1]

Under Section 404(b) of the First Step Act of 2018, a court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Under Section 404(a), a " 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August

---

[1] Defendant's conviction on Count Three required a mandatory consecutive term of imprisonment of 60 months. 18 U.S.C. § 924(c).

-1-

3, 2010."

While Defendant's offense of conviction in Count One is a "covered offense" as defined in Section 404 of the First Step Act, he is not eligible for a sentence reduction because retroactive application of the Fair Sentencing Act of 2010 does not reduce the penalties for Count One.[2] When he was charged and sentenced, Count One carried a statutory penalty of 10 years to life (PSR ¶ 84)(21 U.S.C. § 841(b)(1)(A)). Under the Fair Sentencing Act of 2010, the penalties for offenses involving 280 grams or more of cocaine base are the same, 10 years to life. 21 U.S.C. § 841(b)(1)(A)(iii). Defendant was held accountable for 408 grams (PSR ¶ 15). He is not, therefore, eligible for a sentence reduction under the First Step Act.

**DONE AND ORDERED** this 26th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[2] The United States Probation Office submitted a memorandum confirming that Defendant is not eligible for a sentence reduction under the First Step Act because retroactive application of the Fair Sentencing Act does not reduce the applicable penalties for Count One. Probation notes that he conspired to distribute cocaine base and was held accountable for 408 grams. (Dkt. 113; PSR ¶ 15).